[Cite as *Jutte Elec., Ltd. v. Ohio Facilities Constr. Comm.*, 2017-Ohio-2697.]

| | |
|---|---|
| JUTTE ELECTRIC, LTD., et al. | Case No. 2014-00318 |
| Plaintiffs/Counter Defendants | Judge Patrick M. McGrath<br>Referee Dale A. Crawford |
| v. | |
| | <u>JUDGMENT ENTRY</u> |
| OHIO FACILITIES CONSTRUCTION<br>COMMISSION | |
| Defendant/Counter<br>Plaintiff/Third-Party Plaintiff | |
| v. | |
| STEED HAMMOND PAUL, INC., etc. | |
| Third-Party Defendant/Fourth Party<br>Plaintiff | |
| v. | |
| BERARDI PARTNERS, INC. | |
| Fourth-Party Defendant | |

{¶1} On December 13, 2016, the referee issued a decision recommending judgment in favor of defendant, Ohio School Facilities Commission (OSFC). Additionally, as the third-party claims and counterclaims were based solely on indemnity, the other claims, damages, and costs were denied as not supported by the greater weight of the evidence. Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." After receiving two extensions of time, plaintiffs, Jutte Electric, LTD. (Jutte) and Southwest Marine and General Insurance

Company (Surety), filed their objections on January 17, 2017. All defendants filed responses or memorandum contra in opposition to plaintiffs' objections on February 2, 2017. Plaintiffs raise the following five objections:

a. Objection 1: The referee's determination that plaintiffs failed to prove that their damages resulted from the acts and omissions of the OSFC is erroneous.

{¶2} Plaintiffs assert that the referee misapplied the concept of "reasonable certainty" as it applies to damages. The referee determined that plaintiffs "failed to prove by a preponderance of the evidence within a reasonable degree of certainty that their damages were proximately caused by the OSFC." (Objections, p. 2). Plaintiffs argue that pursuant to the holding in *Tri-State Asphalt Corp. v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 94API07-987, 1995 Ohio App. LEXIS 1554 (April 11, 1995), it is the amount of damages that needs to be proved within a reasonable degree of certainty. Therefore, according to plaintiffs, under Ohio law a plaintiff need not prove within a reasonable degree of certainty that its damages were proximately caused by defendant.

{¶3} Plaintiffs also contend that their expert, Timothy Calvey, testified that plaintiffs' damages were caused by OSFC. Specifically, plaintiffs state that Mr. Calvey testified that plaintiffs' damages resulted from: 1) design delays, late drawings, and an incomplete and erroneous design; 2) delayed and incomplete responses to Requests for Information (RFI); 3) dimensional issues; 4) design changes; 5) issues with schedules; and 6) late award of campus-wide bid packages for casework, technology, security, and fire alarm systems.

{¶4} The court finds that the referee accurately applied the law as it pertains to plaintiffs' burden of proof and the court does not agree with plaintiffs' interpretation of the law. Assuming plaintiffs' representation of the law is true, it does not change the

referee's decision since he clearly held that plaintiffs failed to meet their burden of proving that OSFC proximately caused plaintiffs' damages.

{¶5} In determining the proximate cause of alleged damages to a prime contractor on a multi-million dollar construction project that spans a substantial amount of time, a trial court must rely heavily on expert testimony. The types of claims alleged by plaintiffs involve complex scheduling issues, and is therefore outside the purview of a lay person's knowledge. Therefore, the testimony of an expert is particularly crucial in determining proximate causation.

{¶6} The referee found that plaintiffs' expert testimony lacked credibility. The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass*, 10 Ohio St. 2d 230, 227 N.E. 2d 212 (1967), paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill*, 176 Ohio St. 61, 197 N.E. 2d 548 (1964). While the court's review of the referee's decision is de novo, it gives great deference to the referee's opinion regarding the credibility of trial testimony.

{¶7} Accordingly, plaintiffs' first objection is OVERRULED.

  b. <u>Objection 2: The referee erred in determining that "all claims before August 31, 2011 were settled and should not have been included as damages."</u>

{¶8} Plaintiffs contend that the referee erred in concluding that issues arising prior to the execution of the Memorandum of Understanding (MOU) were settled and should not have been included as damages. They argue that the August 31, 2011 MOU does not reference a settlement of any or all claims existing as of the date of its execution. In fact, plaintiffs assert that the MOU contains specific language expressly reserving their rights with respect to any and all claims. Paragraph six of the MOU states:

> In the event that the Obligee [the OFSC] fails to perform the obligation set out in this agreement or in the Contract, the Principal [Jutte] and the Surety [Southwest] by execution of this Agreement do not waive or in any way forfeit or relinquish any legal rights they may have to assert claims against the Obligee under the Contract or Bond or waive any defenses which may have which are inconsistent with the terms of this Agreement.

{¶9} Upon review, the court finds the referee's analysis of the effect of the MOU on plaintiffs' claims to be an accurate interpretation. By executing the MOU, plaintiffs agreed to remedy several workmanship and scheduling issues. By agreeing to resolve these issues, thereby admitting that there were issues that needed to be addressed and remedied by plaintiffs, and not by OSFC or a supplementary contractor, plaintiffs effectively waived the right for claims related to that unresolved work. The referee did not state that plaintiffs agreed to waive their rights to pursue claims. If he had done so, the claims would not have survived summary judgment and proceed to a full trial on the merits. Specifically, the referee stated that all of the claims before August 31, 2011 should not have been included in plaintiffs' damages. Plaintiffs had every right to bring a claim for something that occurred before August 31, 2011, but not as it pertains to the specific enumerated items in the MOU. Considering this was very early in the construction of the project and buildings were not yet out of the ground, the court is dealing with a relatively small amount of plaintiffs' alleged damages; damages which were not proved to be caused by OSFC.

{¶10} Accordingly, plaintiffs' second objection is OVERRULED.

    c. <u>Objection 3: The referee incorrectly analyzed the bases for Southwest's rights to assert claims against the OSFC.</u>

{¶11} Upon thorough review, the court finds that the referee's analysis of the Surety's rights is consistent with the law. Even if the referee was mistaken, his opinion on pages 18-22 regarding the relationship between the Surety, OSFC, and Jutte is

essentially dicta. In no way does the referee's analysis of the Surety's rights affect the outcome of this case.

{¶12} Accordingly, plaintiffs' third objection is OVERRULED.

d. Objection 4: The referee incorrectly analyzed the sufficiency and legal ramifications of Southwest's investigation and decision regarding how to complete Jutte's work on the project.

{¶13} Plaintiffs contend that the referee was highly critical of the investigation conducted by the Surety, through Ray Zetts and Anne Meyers, without any reference to legal authority which supports the criticism. They also assert that the referee based his criticism on various factors that were unknown to the Surety at the time it made its decision and other factors that the Surety justifiably deemed insignificant or irrelevant to completing a thorough investigation.

{¶14} The court thoroughly reviewed the evidence, trial testimony, and depositions and finds that the referee's recommendation is strongly supported by the evidence. The Surety believed that it could "beat the spread," a position it later learned was unrealistic. Even if the Surety completed the most thorough investigation possible, and made a sound business decision based on all of the information available to it at the time, the end result was a substantial loss to the Surety. The referee was not inclined to pass that loss along to OSFC, and the court agrees.

{¶15} Accordingly, plaintiffs' fourth objection is OVERRULED.

e. Objection 5: The referee erred in determining that plaintiffs' claims against the OSFC were barred by Article 8 of the General Conditions.

{¶16} Plaintiffs assert that Article 8 does not apply to plaintiffs' supplemental claim and delay/impact claims, and even if Article 8 does apply to plaintiffs' claims, its application in this case is void and unenforceable as against public policy pursuant to R.C. 4113.62. If Article 8 is not void and unenforceable here, plaintiffs' argue that

OSFC waived its right to insist upon strict compliance with Article 8 and OSFC cannot insist on strict compliance when it was the first to breach the contract. Finally, plaintiffs' claim that they satisfactorily and substantially complied with the provisions of Article 8.

{¶17} The referee determined that on December 30, 2011, Anne Meyers sent what appeared to be a first certified Article 8 claim that took issue with the supplementation of Jutte's work by Accurate Electric. The referee found that these issues relate to matters before the MOU, and, as discussed in Objection 2 above, were effectively settled. Next, the referee determined that on December 12, 2012, the second Article 8 claim was filed on behalf of the Surety and Jutte, and it was clearly late as it was filed approximately four months after the project was substantially completed.

{¶18} Upon review, the court finds that the issues discussed in the December 30, 2011 letter related to matters before the MOU, and for reasons discussed in Objection 2 above, the court agrees with the referee. The court also agrees that the December 12, 2012 Article 8 claim was untimely.

{¶19} Accordingly, plaintiffs' fifth objection is OVERRULED.

{¶20} Upon review of the record, the referee's decision, plaintiffs' objections, and defendants' responses, the court finds that the referee properly determined the factual issues and appropriately applied the law. Therefore, plaintiffs' objections are OVERRULED and the court adopts the referee's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

Case No. 2014-00318        -7-        JUDGMENT ENTRY

cc:

Bradley J. Barmen
1375 East 9th Street, 16th Floor
Cleveland, Ohio 44114

Craig D. Barclay
David A. Beals
William C. Becker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

David M. Rickert
110 North Main Street, Suite 1000
Dayton, Ohio 45402

Debra Jean Horn
Ronald P. Friedberg
28601 Chagrin Boulevard, Suite 500
Cleveland, Ohio 44122

**Filed April 3, 2017**
**Sent to S.C. Reporter 5/5/17**